UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA CARLSBERG,<br><br>                        Plaintiff,<br><br>v.<br><br>DENIS MCDONOUGH, Secretary, U.S. Department of Veterans Affairs,<br><br>                        Defendant. | Case No.: 3:21-cv-01746-H-RBB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 30.] |

  On March 17, 2021, Plaintiff Deanna Carlsberg filed a first amended complaint against Defendant Denis McDonough. (Doc. No. 15.) On December 27, 2021, Defendant filed a motion to dismiss Plaintiff's first amended complaint. (Doc. No. 30.) The Court granted Plaintiff two extensions of time to file an opposition to Defendant's motion to dismiss. (Doc. Nos. 31, 34.) On February 4, 2022, Defendant filed a reply. (Doc. No. 32.) On March 4, 2022, the Court submitted Defendant's motion on the parties' papers pursuant to Local Rule 7.1(d)(1) and vacated the hearing. (Doc. No. 35.) Plaintiff has yet to file an opposition to Defendant's motion. For the reasons that follow, the Court grants Defendant's motion to dismiss without prejudice.

# BACKGROUND

The following factual background in taken from the allegations in Plaintiff's first amended complaint ("FAC"). Plaintiff was an employee of Defendant at the San Diego Veteran Affairs Health Care System in San Diego, CA ("San Diego VA"). (FAC ¶ 4.) On March 31, 2016, Plaintiff alleges she had a serious fall at work and was injured. (Id. ¶¶ 14, 17.) Plaintiff alleges that after the fall, she was placed on light duty and was restricted from seeing patients. (Id.) Plaintiff alleges she needed accommodations to work, but "didn't receive any accommodations." (Id. ¶ 15.) In December 2018, Plaintiff alleges she became "totally disabled" and went on disability leave. (Id. ¶¶ 14, 17.) Plaintiff alleges that the San Diego VA Human Resources Department told her on multiple occasions that her job was safe while she was on disability leave. (Id. ¶ 18.) However, Plaintiff alleges that on July 20, 2019, she was terminated from her employment at the San Diego VA. (Id. ¶¶ 19–21.) Plaintiff alleges that the San Diego VA sent the notice of termination to her old address despite Plaintiff updating her address with the Human Resource Department in February 2019. (Id. ¶ 6.) As a result, Plaintiff alleges she did not learn about her termination until September 2019. (Id. ¶ 7.)

On October 18, 2019, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor. (Doc. No. 15-1 ¶ 1.) On November 15, 2019, Plaintiff's counseling concluded, and she was mailed the Notice of Right to File a Discrimination Complaint. (Id.) On December 23, 2019, Plaintiff filed a formal complaint of discrimination with the EEO. (Id.) On March 25, 2020, the U.S. Department of Veterans Affairs issued a Final Agency Decision on Plaintiff's complaint, dismissing the complaint "for failure to state a claim, failure to raise matters with the EEO counselor, and failure to comply with regulatory time limits." (Id. ¶ 4.)

On July 1, 2020, Plaintiff, proceeding pro se, filed a complaint against Defendant in the United States District Court for the District of Utah. (Doc. No. 4.) On July 27, 2020, Plaintiff obtained counsel. (Doc. No. 7.) On March 17, 2021, Plaintiff filed a first amended complaint against Defendant alleging (1) failure to accommodate a disability

and (2) wrongful termination due to her disability, age, and national origin. (FAC ¶¶ 13–21.) On October 8, 2021, the case was transferred to this district and assigned to this Court. (Doc. Nos. 27, 28, 29.)

On December 27, 2021, Defendant the present motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and, in the alternative, to strike portions of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f). (Doc. No. 30-1.) Plaintiff did not file an opposition to Defendant's motion within the time frame required by Local Rule 7.1(e)(2). As a result, on January 13, 2022, the Court granted Plaintiff an extension of time to file an opposition and continued the hearing on Defendant's motion. (Doc. No. 31.) Plaintiff did not file an opposition within the time frame set by the Court. (Doc. No. 34.) On February 4, 2022, Defendant filed a reply to its motion to dismiss, noting that Plaintiff had yet to file an opposition to Defendant's motion and requesting the Court grant Defendant's motion to dismiss. (Doc. No. 32.) On February 7, 2022, the Court granted Plaintiff a second extension of time to file an opposition. (Doc. No. 34.) On March 4, 2022, the Court submitted Defendant's motion on the parties' papers pursuant to Local Rule 7.1(d)(1). (Doc. No. 35.) Plaintiff has yet to file an opposition.

## DISCUSSION

### I.  Legal Standards

#### A. Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional challenge may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a facial challenge, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air, 373 F.3d at 1039. In a factual attack, "the challenge disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."

Id. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy the burden of establishing subject matter jurisdiction." Id. (quoting Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). "[T]he plaintiff has the burden of proving jurisdiction in order to survive the motion." Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008) (citation omitted).

### B. Rule 12(b)(6) Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim" and allows a court to dismiss a complaint if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citations omitted). A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). In reviewing a Rule 12(b)(6) motion to dismiss, a district court "must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party." Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (citation omitted). A court does not need to accept "legal conclusions" as true. Ashcroft, 556 U.S. at 678. It is improper for a court to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

### II. Analysis

In the FAC, Plaintiff's contends Defendant (1) failed to accommodate her disability and (2) wrongfully termination her due to her disability, age, and national

origin in violation of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 701 et seq.; Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (FAC ¶¶ 1, 13–21.) Defendant argues Plaintiff has failed to allege sufficient facts to support her failure to accommodate and wrongful termination claims. (Doc. No. 30-1 at 4–6.) Defendant also argues Plaintiff failed to exhaust administrative remedies for her age and national origin discrimination claims. (Id. at 3–4.)

### A. Plaintiff's Disability Discrimination Claims

The Rehabilitation Act "creates a private right of action for individuals subjected to disability discrimination by any program or activity receiving federal financial assistance." Fleming v. Yuma Reg'l Med. Ctr., 587 F.3d 938, 940 (9th Cir. 2009) (citations omitted). To make a prima facie case of disability discrimination, the plaintiff is required to produce evidence that the plaintiff "is 'disabled.'" Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1058 (9th Cir. 2005) (citation omitted). For purposes of the Rehabilitation Act, disability is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 29 U.S.C. § 12102(2); 29 U.S.C. § 705(2)(B). "The plaintiff bears the burden of proving that he or she is disabled." Wong, 410 F.3d at 1063 (citation omitted).

In the FAC, Plaintiff alleges that in March 2016 she suffered a "work related injury," that "she developed a disability," and that in December 2018 "she became totally disabled." (FAC ¶¶ 14, 17.) However, Plaintiff has not alleged what her physical or mental impairments are or how such impairments affect any of her major life activities. See 29 U.S.C. § 12102(2). In evaluating the legal sufficiency of Plaintiff's pleadings, the Court cannot assume Plaintiff "can prove facts that [she] has not alleged." Assoc. Gen. Contractors, 459 U.S. at 526. Thus, even drawing all reasonable inferences in favor of Plaintiff, Plaintiff has not sufficiently alleged that she is disabled under the Rehabilitation Act. See Arden v. U.S. Sports Acad., No. 18-v-0007-JCS, 2018 WL 4378774, at *2 (N.D.

Cal. Feb. 6, 2018) (holding that the plaintiff's allegations that he has "mental health disabilities" were "too conclusory to establish that he is disabled under the Rehabilitation Act"). As a result, the Court dismisses Plaintiff's disability discrimination claims without prejudice.

### B. Plaintiff's Age and National Origin Discrimination Claims

#### 1. Failure to Exhaust Administrative Remedies

"To establish federal subject matter jurisdiction, [a plaintiff is] required to exhaust her administrative remedies before seeking federal adjudication of her claims." EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994) (citation omitted). "[S]ubstantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite." Sommatino v. United States, 255 F.3d 704, 709 (9th Cir. 2001). While "[t]he specific claims made in district court ordinarily must be presented to the EEO[]," "the district court has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC[], as well as charges that are within the scope of an EEO[] investigation that reasonably could be expected to grow out of the allegations." Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003) (citation omitted).

Plaintiff alleges Defendant wrongfully terminated her due to her age, national origin, and disability. (FAC ¶¶ 12, 21.) In the FAC, Plaintiff alleges that on or about October 18, 2019, she filed EEO complaints with the U.S. Department of Veteran Affairs regarding "Defendant's discriminatory conduct." (Id. ¶ 8.) Plaintiff also alleges that on March 30, 2020, she received a Final Agency Decision on her EEO complaints. (Id. ¶10.) As a result, Plaintiff alleges "she exhausted all applicable administrative processes and remedies." (Id. ¶ 9.) However, the Notice of Final Agency Decision attached as an exhibit to Plaintiff's FAC is for a complaint of discrimination "based on [d]isability," and does not mention any complaints made to the EEO of discrimination based on age or national

origin.[1] (Doc. No. 15-1, Ex. 1.) Furthermore, disability, age, and national origin represent "separate theories of discrimination," and so Plaintiff's allegations of discrimination based on age or national origin in the FAC are not "like or reasonably related to" Plaintiff's allegations of discrimination based on disability that were before the EEO. See, e.g., Rodriguez v. Airborne Express, 265 F.3d 890, 897 (9th Cir. 2001) (holding that the plaintiff's disability discrimination claim raised for the first time before the district court were not "like or reasonably related to" the plaintiff's timely administrative complaint based on racial discrimination); see also Gomez v. Serv. Emps. Intern. Union Local 87, No. C 10-01888-RS, 2010 WL 4704407, at *3 (N.D. Cal. Nov. 12, 2010) (collecting cases) ("Claims that rely on differing theories of discrimination…may be unrelated."). Based on the record before the Court, Plaintiff has not sufficiently alleged that she exhausted administrative processes related to her age and national origin discrimination claims necessary to establish jurisdiction. See Farmer Bros., 31 F.3d at 899. As a result, the Court dismisses Plaintiff's wrongful termination claims based on age and national origin without prejudice.

### 2. Failure to State a Claim for Wrongful Termination

Plaintiff also has not alleged sufficient facts for her wrongful termination due age or national origin claims to survive a Rule 12(b)(6) motion to dismiss. The ADEA prohibits discrimination against employees who are at least forty years of age. 29 U.S.C. §§ 631(a)–(b), 633a(a). Further, Title VII of the Civil Rights Act makes it unlawful for an employer to "discharge any individual… because of such individual's race, color, religion, sex, or national origin." 20 U.S.C. § 2000e-2(a)(1). A plaintiff bringing a claim under Title VII "must first establish a prima facie case of discrimination," which requires a showing that the plaintiff "belongs to a protected class." Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115, 1123 (9th Cir. 2000) (citation omitted). Plaintiff did not

---

[1] "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air, 373 F.3d at 1039 (citation omitted).

indicate her age or her national origin in the FAC, and so Plaintiff has not sufficiently alleged that she is in the age range covered by ADEA or part of a protected class for purposes of Title VII. As a result, Plaintiff's age and national origin discrimination claims are also dismiss without prejudice for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss the case without prejudice. Should Plaintiff file an opposition to Defendant's motion to dismiss within thirty (30) days of the date of this Order, the Court will treat Plaintiff's opposition as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

**IT IS SO ORDERED.**

DATED: July 6, 2022

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT